## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE

KATHLEEN COHAN, *on behalf of*              )
*herself and all others similarly situated,*     )
        **Plaintiff,**                                 )
                                                        )
      **v.**                                               )        **Civil Action No. 3:16-cv-00627**
                                                        )
**AUTOVEST, LLC,   and**                       )
**HOSTO & BUCHAN, PLLC**                    )
        **Defendants,**                             )

## DEFENDANT HOSTO & BUCHAN, PLLC'S
## ANSWER AND AFFIRMATIVE DEFENSES

COMES NOW Defendant Hosto & Buchan, PLLC, ("Hosto" or "Defendant"), by and through its attorney, and for its Answer to Plaintiff's Complaint ("Complaint"), states:

1.     Hosto admits that Plaintiff purports to bring this action for alleged violations of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692, *et seq.*, but denies any violations, liability, or wrongdoing under the law.  Except as specifically admitted, Hosto denies the allegations in Paragraph 1 of the Complaint.

2.     In response to Paragraph 2 of the Complaint, Hosto admits that the statutes referenced therein confer jurisdiction, but deny that jurisdiction is appropriate as to Hosto because it has not violated any law.

3.     Upon information and belief, Hosto admits that venue is proper. Except as specifically admitted, Hosto, denies the allegations in paragraph 3 of the Complaint.

4.     Hosto states that the case cited in Paragraph 4 of the Complaint speaks for itself and Hosto denies any characterization or representation inconsistent with same.

5. Hosto states that 15 U.S.C. § 1692e speaks for itself and Hosto denies any characterization or representation inconsistent with same.

6. Hosto states that the case cited in Paragraph 6 of the Complaint speaks for itself and Hosto denies any characterization or representation inconsistent with same.

7. Hosto states that the case cited in Paragraph 7 of the Complaint speaks for itself and Hosto denies any characterization or representation inconsistent with same.

8. Hosto states that the case cited in Paragraph 8 of the Complaint speaks for itself and Hosto denies any characterization or representation inconsistent with same.

9. Hosto states that the case cited in Paragraph 9 of the Complaint speaks for itself and Hosto denies any characterization or representation inconsistent with same.

10. Hosto is without knowledge and information sufficient to admit or deny each and every material allegation contained in Paragraph 10 of the Complaint and, therefore, denies the same.

11. Hosto is without knowledge and information sufficient to admit or deny each and every material allegation contained in Paragraph 11 of the Complaint and, therefore, denies the same.

12. Hosto is without knowledge and information sufficient to admit or deny each and every material allegation contained in Paragraph 12 of the Complaint and, therefore, denies the same.

13. The allegations in Paragraph 13 of the Complaint call for a legal conclusion and, therefore, no response is required. Hosto states that 15 U.S.C. § 1692a(3) speaks for itself and Hosto denies any characterization or representation inconsistent with same.

2

14. Hosto admits that it filed a lawsuit seeking an amount owed by Plaintiff to its client. The remaining allegations in Paragraph 14 of the Complaint call for a legal conclusion and, therefore, no response is required.

15. Hosto admits that it is a law firm that pursues legal action on behalf of its clients for debts owed to its clients. The remaining allegations in Paragraph 15 of the Complaint call for a legal conclusion and, therefore, no response is required.

16. Hosto is without knowledge and information sufficient to admit or deny each and every material allegation contained in Paragraph 16 of the Complaint and, therefore, denies the same.

17. Hosto is without knowledge and information sufficient to admit or deny each and every material allegation contained in Paragraph 17 of the Complaint and, therefore, denies the same.

18. Upon information and belief, Hosto admits the allegations in Paragraph 18 of the Complaint.

19. Upon information and belief, Hosto admits the Plaintiff's vehicle was repossessed in October 2009. Except as specifically admitted, Hosto denies the allegations in Paragraph 19 of the Complaint.

20. Upon information and belief, Hosto admits the allegations in Paragraph 20 of the Complaint.

21. Hosto is without knowledge and information sufficient to admit or deny each and every material allegation contained in Paragraph 21 of the Complaint and, therefore, denies the same.

3

22. Upon information and belief, Hosto admits the allegations in Paragraph 22 of the Complaint.

23. Upon information and belief, Hosto admits the allegations in Paragraph 23 of the Complaint.

24. Hosto admits that a Civil Summons and Sworn Affidavit were filed on behalf of Defendant Autovest Funding, LLC in the General Sessions Court of Summer County, Tennessee on March 23, 2015. Except as specifically admitted, Hosto denies the allegations in Paragraph 24 of the Complaint.

25. The pleadings filed in the state court action speak for themselves and are the best evidence of their content. To the extent that Plaintiff's allegations state otherwise, Hosto denies the allegations in Paragraph 25 of the complaint.

26. Hosto denies the allegations in Paragraph 26 of the Complaint.

27. Hosto admits that the state court action was dismissed with prejudice as time barred on January 11, 2016.

28. The pleadings filed in the state court action speak for themselves and are the best evidence of their content. To the extent that Plaintiff's allegations state otherwise, Hosto denies the allegations in Paragraph 28 of the complaint.

29. The allegations contained in Paragraph 29 call for a legal conclusion and, therefore, require not response. To the extent the allegations in Paragraph 29 do not contain a legal conclusion, Hosto denies the allegations contained in Paragraph 29 of the Complaint.

30. Hosto denies the allegation in Paragraph 30 of the Complaint.

4

31.     Hosto reasserts the foregoing as if fully set forth herein.

32.     Hosto admits that its website speaks for itself.   Hosto admits that it files lawsuits on behalf of clients in Texas, Arkansas, and Tennessee on vehicle loans.  Except as specifically admitted, Hosto denies the allegations in Paragraph 32 of the Complaint.

33.     The allegations contained in Paragraph 33 call for a legal conclusion and, therefore, require no response.  To the extent the allegations in Paragraph 33 do not contain a legal conclusion, Hosto denies the allegations contained in Paragraph 33 of the Complaint.

34.     The allegations contained in Paragraph 34 call for a legal conclusion and, therefore, require no response.  To the extent the allegations in Paragraph 34 do not contain a legal conclusion, Hosto denies the allegations contained in Paragraph 34 of the Complaint.

35.     Hosto denies the allegations in Paragraph 35 of the Complaint.

36.     Hosto denies the allegations in Paragraph 36 of the Complaint.

37.     Hosto admits that Plaintiff purports to bring this action as a class action, but denies any violations, liability or wrongdoing under the law and further denies this action meets the requirements of Fed. R. Civ. P. 23.  Except as specifically admitted herein, Hosto, denies the allegations in Paragraph 37 of the Complaint.

38.     Hosto is without knowledge and information sufficient to admit or deny each and every material allegation contained in Paragraph 38 of the Complaint and, therefore, denies the same.

39.     Hosto denies the allegations in Paragraph 39 of the Complaint.

40. Paragraph 40 of the Complaint does not require a response. To the extent a response is required, Hosto denies the allegations in Paragraph 40 of the Complaint. 40.

41. Paragraph 41 of the Complaint does not require a response. To the extent a response is required, Hosto denies the allegations in Paragraph 41 of the Complaint.

42. The allegations contained in Paragraph 42 of the Complaint call for a legal conclusion and, therefore, require not response. To the extent the allegations in Paragraph 42 do not contain a legal conclusion, Hosto denies the allegations contained in Paragraph 42 of the Complaint.

43. Hosto denies the allegations in Paragraph 43 of the Complaint.

44. Hosto denies the allegations in Paragraph 44 of the Complaint.

45. Hosto denies the allegations in Paragraph 45 of the Complaint.

46. Hosto denies the allegations in Paragraph 46 of the Complaint.

47. Paragraph 47 of the Complaint does not require a response. To the extent a response is required, Hosto denies the allegations in Paragraph 47 of the Complaint.

48. Hosto denies the allegations in Paragraph 48 of the Complaint.

49. Paragraph 49 of the Complaint does not require a response. To the extent a response is required, Hosto denies the allegations in Paragraph 49 of the complaint.

50. Hosto denies the allegations in Paragraph 50 of the Complaint.

51. Hosto denies the allegations in Paragraph 51 of the Complaint.

52. Hosto denies the allegations in Paragraph 52 of the Complaint.

53. Hosto denies the allegations in Paragraph 53 of the Complaint.

54. Hosto denies the allegations in Paragraph 54 of the Complaint.

55. Hosto reasserts the foregoing as if fully set forth herein.

56. Hosto states that 15 U.S.C. § 1692e(2)(A) speaks for itself and Hosto denies any characterization or representation inconsistent with same.

57. Hosto denies the allegations in Paragraph 57 of the Complaint. Hosto denies subsections (a) through (h) of the WHEREFORE Paragraph in Paragraph 57 of the Complaint.

58. Hosto reasserts the foregoing as if fully set forth herein.

59. Hosto states that 15 U.S.C. § 1692e, 1692e(10) speak for themselves and Hosto denies any characterization or representation inconsistent with same.

60. Hosto denies the allegations in Paragraph 60 of the Complaint. Hosto denies subsections (a) through (h) of the WHEREFORE Paragraph in the Paragraph 60 of the Complaint.

. 61. Hosto reasserts the foregoing as if fully set forth herein.

62. Hosto states that 15 U.S.C. § 1692f speaks for itself and Hosto denies any characterization or representation inconsistent with same.

63. Hosto denies the allegations in Paragraph 63 of the Complaint. Hosto denies subsections (a) through (h) of the WHEREFORE Paragraph in the Paragraph 63 of the Complaint.

64. Hosto reasserts the foregoing as if fully set forth herein.

65. Hosto denies the allegations of Paragraph 65 of the Complaint.

66. Hosto denies the allegations in Paragraph 66 of the Complaint. Hosto denies subsections (a) through (h) of the WHEREFORE Paragraph in the Paragraph 66 of the Complaint.

67. Hosto reasserts the foregoing as if fully set forth herein.

68. Hosto denies the allegations in Paragraph 68 of the Complaint.

69.     Hosto denies the allegations in Paragraph 69 of the Complaint.  Hosto denies subsections (a) through (h) of the WHEREFORE Paragraph in the Paragraph 69 of the Complaint.

.

70.     Hosto reasserts the foregoing as if fully set forth herein.

71.     Hosto denies the allegations in Paragraph 71 of the Complaint.

72.     Hosto denies the allegations in Paragraph 72 of the Complaint.  Hosto denies subsections (a) through (h) of the WHEREFORE Paragraph in the Paragraph 72 of the Complaint.

73.     Hosto admits that Plaintiff has requested a trial by jury, however, Hosto denies that Plaintiff should be entitled to a jury trial as Hosto has not committed any violations of the FDCPA

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims may be subject to an agreement to arbitrate all claims related to the contract at issue.  To the extend Plaintiff has entered into an arbitration agreement covering her claims against Defendants, Hosto reserves the right to file a motion to compel arbitration.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims against Hosto fail to state a claim upon which relief can be granted.

## THRID AFFIRMATIVE DEFENSE

To the extent that Plaintiff's claims are based on conduct beyond the applicable statutes of limitations, they are time barred.

## FOURTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff has filed for bankruptcy protection, the claims asserted by Plaintiff against Defendant are barred by any bankruptcy case filed by Plaintiff based on the doctrine of *res judicata*, judicial estoppel, 11 U.S.C. § 1327(a), 11 U.S.C. § 704, 11 U.S.C. § 541,

8

waiver equitable estoppel, and release.  Moreover, as a result of any such prior proceedings, Plaintiff is not a real party in interest to bring the present claims and lacks standing to puruse the cause of action.

**FIFTH AFFIRMATIVE DEFENSE**

To the extent any violations are established, any such violations were not intentional and resulted from bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

**SIXTH AFFIRMATIVE DEFENSE**

Hosto denies any liability; however, regardless of liability, Plaintiff has not suffered actual damages a result of Hosto's alleged violations.

**SEVENTH AFFIRMATIVE DEFENSE**

Hosto reserves the right to asset additional defenses as this matter progresses.  To the extent any of the foregoing allegations in the complaint have not be expressly admitted or denied, they are hereby denied.

WHEREFORE, Defendant Hosto & Buchan, PLLC, request the Court dismiss this action with prejudice and grant it any other relief that the Court deems appropriate.

**HOSTO & BUCHAN, PLLC**

/s/ Mark Sexton_____
Mark Sexton,
No. 023397
Hosto & Buchan, PLLC
P.O. Box 3397
701 W. Seventh Street
Little Rock, AR 72203
Telephone No. (501)320-0225
msexton@hosto.com

9

## CERTIFICATE OF SERVICE

I certify that on April 22, 2016, I electronically filed the foregoing with the clerk of the court using the CM/ECF system.  Notice of this filing was sent by operation of the Court's electronic filing system to all parties indicated on the electronic receipt.  Parties may access this filing though the Court's electronic filing system.


                                     /s/ Mark Sexton