KATHLEEN COHAN, *on behalf of* )
*herself and all others similarly situated,* )
       **Plaintiff,** )
       )
   **v.** )      **Civil Action No. 3:16-cv-00627**
       )
**AUTOVEST, LLC,   and** )
**HOSTO & BUCHAN, PLLC** )
      **Defendants,** )
_____)

### DEFENDANT HOSTO &BUCHAN, PLLC'S MOTION TO JOIN DEFENDANT AUTOVEST FUNDING, LLC'S MOTION TO ARBITRATE AND TO DISMISS AND BRIEF IN SUPORT THEREOF

Defendant Hosto & Buchan, PLLC ("Hosto") hereby joins Defendant Autovest Funding, LLC's Motion to Compel Arbitration and Stay Proceedings, and moves this Court to compel the proceedings against Defendants by Kathleen Cohan ("Plaintiff") to binding arbitration.  In support of its Motion, Hosto states the following:

1.     Plaintiff's Complaint against Defendants contains claims for violations of several sections of the Fair Debt Collections and Practices Act ("FDCPA"), all stemming from a Retail Installment Contract ("Contract'). (ECF No. 1).

2.     Cohan executed a Retail Installment Contract ("Contract") on October 8, 2008. (EFC NO. 1, ¶¶12, 18).

3.     At the same time Plaintiff signed the Contract, she also signed a Buyer's Arbitration Agreement ("Agreement"). ( (ECF No. 10, Exhibit A, Declaration of Lisa M. Soller, ¶4)

4.     The Buyer's Arbitration Agreement provides in part:

RIGHT TO ELECT TO ARBITRATE: Any party covered by this Agreement may elect to have any claim, dispute controversy ("Claim") of any kind (whether in contract, tort or otherwise) arising out of are relating to you Retail Installment

Contract, or any prior or future dealings between us, resolved by binding arbitration. If any party covered by this Agreement, elects arbitration, that election is binding on all parties to this Agreement. A claim may include, but shall not be limited to, the issue of whether any particular Claim must be submitted to arbitration or facts and circumstances involved with your signing this Agreement, or your willingness to abide by the terms of this Agreement or the validity of this Agreement.  Any such election may be made at any time.

(ECF No. 10, Exhibit 2 to the Declaration of Lisa M. Soller).

5.     Defendant Autovest Funding, LLC ("Autovest") has fully brief the issue of arbitrability of the claims pursuant to Buyer's Arbitration Agreement and the basis for dismissal of Plaintiff's Complaint.  Hosto here fully adopts and incorporates those arguments.

6.     The arbitration agreement in this case covers any claim, dispute, controversy of any kind arising out of or relating to the Contract including the whether a particular claim must be submitted to arbitration.  As a matter of federal, "any doubts concerning the scope of the arbitrable issues should be resolved in favor of arbitration.  *Masco Corp. v. Zurich Am. Ins. Co.*, 382 F. 3d 623, 627 (6th Cir. 2004) (citing *Moses H. Cone Mem. Hosp. v. Mercury Const. Co.*, 460 U.S. 1, 24-25).  Where an agreement contains an arbitration clause, the court should apply the presumption of arbitrability, resolve any doubts in favor of arbitration, and should not deny an order to arbitrate "unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute."  *AT&T Tech., Inc. v. Communications Workers of America*, 475 U.S. 643, 648-651 (1986).

7.     Although Hosto is a non-signatory to the Buyer's Arbitration Agreement, it may compel arbitration under the theory of equitable estoppel.  *Javtich v. First Union Sec., Inc.*, 315. F. 3d. 619, 629 (6th Cir. 2003); *Mid-South Maintenance, Inc.,* 2015 WL 4880855 .  The Sixth Circuit has approved the framework set out in *Thomson-CSF v. Am. Arbitration Ass'n.* 64 F.3d 773, 776 (2nd Cir. 1995).  Courts within the Sixth Circuit rely upon the test articulated in *MS Dealer*

2

*Serv. Corp. v. Franklin*, 177 F. 3d 942 (11th Cir. 1999). *See e.g., Cox v. ScreenngOne, Inc.*, 2015 WL 413812 at \*3-4 (N.D. Ohio Jan. 30, 2015). *MS Dealer* held that equitable estoppel applies in two circumstances:

> Existing case law demonstrates that equitable estoppel allows a nonsignatory to compel arbitration in two different circumstances. First, equitable estoppel applies when the signatory to a written agreement containing an arbitration clause "must rely on the terms of the written agreement in asserting [its] claims" against the nonsignatory. When each of a signatory's claims against a nonsignatory "makes reference to" or "presumes the existence of" the written agreement, the signatory's claims "arise[ ] out of and relate [ ] directly to the [written] agreement," and arbitration is appropriate. Second, "application of equitable estoppel is warranted ... when the signatory [to the contract containing the arbitration clause] raises allegations of ... substantially interdependent and concerted misconduct by both the nonsignatory and one or more of the signatories to the contract

*MS Dealer*, 177 F.3d at 947.

8.      The claims in Plaintiff's Complaint are related to and arose out of the Contract containing the arbitration clause.  More particularly, Plaintiff's FDCPA claims against Defendants are related to and arise out of Autovest attempt to in the state court lawsuit to collect the deficiency balance owed by Plaintiff under the Contract.  (ECF No. 1, ¶¶ 12, 18-28).

Plaintiff's Complaint further alleges interdependent and concerted misconduct between Defendants Hosto and Autovest. More particularly, Plaintiff alleges that Hosto's alleged violations of the FDCPA as the basis for Autovest's liability under the FDCPA.  (ECF No. 1, ¶¶ 65-66, 69-69, and 71-72),

The Agreement provides that any claim, dispute or controversy ("Claim") of any kind (whether in contract, tort or otherwise) arising out of or relating to your Retail Installment Contract, or any prior or future dealings between us, [upon election be] resolved by binding arbitration." In sum, the scope of the Agreement is broad enough to encompass the claims made by Plaintiff against Hosto.

9.      The issue of whether Hosto may compel arbitration is itself an issue that should be reserved for the arbitration. More particularly, the Agreement states that "[a] Claim many include, but shall not be limited to, the issue of whether any particular Claim must be submitted to arbitration." (ECF No. 10, Exhibit 2 to Exhibit A).  The law is clear that parties may bar courts from deciding the question of whether a dispute is arbitrable by clear and unmistakenly contracting for an arbitrator to determine aribtriability.  *First Options, Inc. v. Kaplan*, 514 U.S. 938 (1995). Hosto's motion to join Autovest's Motion to Compel should be granted, and any issue relating to arbitrability of Plaintiff's claims should be reserved for the arbitrator.

WHEREFORE, Plaintiff's claims against Hosto are subject to a valid, binding Arbitration Agreement, Hosto respectfully request that it Joinder to Autovest's Motion to Compel Arbitration and to Dismiss be granted, and that all issues in this matter against Defendants are referred to arbitration.

Respectfully submitted,

**HOSTO & BUCHAN, PLLC**

/s/ Mark Sexton_____
Mark Sexton,
No. 023397
Hosto & Buchan, PLLC
P.O. Box 3397
701 W. Seventh Street
Little Rock, AR 72203
Telephone No. (501)320-0225
msexton@hosto.com

4

**CERTIFICATE OF SERVICE**

I certify that on April 26, 2016, I electronically filed the foregoing with the clerk of the court using the CM/ECF system. Notice of this filing was sent by operation of the Court's electronic filing system to all parties indicated on the electronic receipt. Parties may access this filing though the Court's electronic filing system.

Paul K. Guibao
1448 Madison Avenue
Memphis, TN 38104

Alan Leeth
Burr & Forman LLP
420 North 20th Street, Suite 3400
Birmingham, Alabama 35203

J. Christopher Suedekum
Burr & Forman LLP
511 Union Street, Suite 2300
Nashville, TN 37219

    /s/ Mark Sexton